**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO**

MARTA E. DAVILA TORRES,
  Plaintiff,

v.                                                               Civil No. 05-1202 (HL)

INDUSTRIAL COMMISSION OF PUERTO
RICO, ET AL.,
  Defendants.

**ORDER**

      Plaintiff Marta E. Davila Torres brings this action pursuant to 42 U.S.C. § 1983 against her former state employer the Industrial Commission of Puerto Rico; Gilberto Charriez Rosario, President of the Industrial Commission; and Guillermo Rivera Bermudez, Human Resources Director of the Industrial Commission for political discrimination and retaliation in violation of the First, Fifth, and Fourteenth Amendments of the Constitution of the United States.  Plaintiff also seeks to invoke this Court's supplemental jurisdiction over claims arising under the Constitution and laws of the Commonwealth of Puerto Rico. *See* 28 U.S.C. § 1367.  Before the Court are Defendants motion for partial judgment on the pleadings and Plaintiff's opposition to the motion (Dkt. Nos. 23, 25).  Defendants seek partial judgment on the pleadings on two grounds: (1) the Fifth Amendment is inapplicable to the present case and (2) Plaintiff's equal protection claim should be dismissed given its overlapping nature with Plaintiff's First Amendment claim.

**STANDARD OF REVIEW**

      "The standard for evaluating a Rule 12(c) motion for judgment on the pleadings is essentially the same as that for deciding a Rule 12(b)(6) motion. '[T]he trial court must

accept all of the nonmovant's well-pleaded factual averments as true, and draw all reasonable inferences in his favor.'" *Pasdon v. City of Peabody*, 417 F.3d 225, 226 (1st Cir.2005)(quoting *Rivera-Gomez v. de Castro*, 843 F.2d 631, 635 (1st Cir.1988)). Thus the motion should not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Rivera-Gomez*, 853 F.2d at 635; *Feliciano v. Rhode Island*, 160 F.3d 780, 788 (1st Cir.1998).

## DISCUSSION

The Defendants move to dismiss the Davila's Fifth Amendment claim on the ground that the Fifth Amendment applies only to actions by the Federal government. "It has long been established that the Fifth Amendment applies to actions of the federal government, not those of private individuals, nor of state governments." *Calderon-Carnier v. Sanchez-Ramos*, 439 F.Supp.2d 229, 238 (D.P.R. 2006), *citing Pub Utilities Comm'n v. Pollack*, 343 U.S. 451 (1952); *Gerena v. P.R. Legal Services, Inc.*, 167 F.2d 447, 449 (1st Cir. 1983). Since there are no federal actors in the case and Davila has not alleged any federal action or omission, Davila's Fifth Amendment claim is hereby dismissed with prejudice. Defendants also seek to dismiss Davila's Fourteenth Amendment Equal Protection claim. However, Davila has alleged sufficient facts in her complaint to sustain a such a claim.

## CONCLUSION

**WHEREFORE**, Defendants' Motion for Partial Judgment on the Pleadings is granted in part and denied in part. Plaintiff's Fifth Amendment claim is hereby dismissed with prejudice. All other claims remain.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, September 26, 2006.

S/ HECTOR M. LAFFITTE
Senior United States District Judge